UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23283-CIV-HOEVELER

ALEJANDRO CAMPOLIETO,

    Plaintiff,

v.

INTERNATIONAL MALL MOTOR CO.,
A Florida corporation d/b/a
ESSERMAN INTERNATIONAL,

    Defendant.
_____/

## ORDER ON POST-TRIAL MOTIONS

THIS CAUSE comes before the Court after a jury trial and the entry of judgment for Plaintiff on his claim of retaliation. Defendant's post-trial motion asks the Court to set aside the jury's verdict and instead rule in Defendant's favor, or grant a new trial, on the basis that the jury was not presented with legally sufficient evidence to support their finding for Plaintiff. Plaintiff opposes Defendant's request and seeks an award of front pay, in addition to attorneys' fees and expenses. The Court has reviewed the motions and finds that Defendant is not entitled to relief from the jury's verdict, nor is Plaintiff entitled to an award of front pay. Finally, the Court awards fees to Plaintiff, as described below, as he was the prevailing party at trial.

## ANALYSIS

For approximately six months in 2007, Plaintiff worked as a car salesman for Defendant; his supervisor was Pascual Mesa. The jury heard testimony that Plaintiff

was subjected to several unflattering statements made by Mesa about Argentineans and also that Plaintiff felt that he was denied promotional bonuses and improperly forced to share commissions on sales of vehicles. Plaintiff offered evidence supporting his claim that his perception of this harassment had existed for at least several weeks before he complained to management. On October 29, 2007, Plaintiff sent an e-mail to Defendant's General Manager, Francisco Diez-Rivas, complaining about Mesa's behavior toward Plaintiff. "Allow me to tell you that I oppose Mesa's behavior against me. His constant 'jokes' and insults because I'm Argentinean don't let me work and have a level that they interfere with my work and my capacity to earn money.... It doesn't seem fair that I have to tolerate the attitudes of this guy." Two days later Plaintiff was fired for "poor attitude." After selecting a jury on January 25, 2010, the parties presented evidence over six days. After less than one day of deliberations, the jury awarded damages in the amount of $45,635, of which $10,000 was for emotional pain and mental anguish and the remainder was for net lost wages from the date of discharge from employment until the date of trial.

## Defendant's motions

Defendant argues, pursuant to Fed. R. Civ. P. 50(b), that Plaintiff failed to provide evidence that he engaged in protected activity, and that there was no causal connection between any such protected activity and the discharge of Plaintiff. Defendant specifically complains that Plaintiff did not establish that he had an objectively reasonable good faith belief that he was being discriminated against and,

thus, the retaliation award cannot stand.[1]  According to Plaintiff's testimony, Plaintiff sent the e-mail because the Defendant's company handbook directed employees to complain to supervisors.  The Court finds that Plaintiff's e-mail message constitutes protected activity within the opposition clause of Title VII.  "The [statute's] opposition clause ... protects activity that occurs before the filing of a formal charge with the EEOC, such as submitting an internal complaint of discrimination to an employer, or informally complaining of discrimination to a supervisor."  Muhammad v. Audio Visual Svcs Group, 2010 U.S. App. LEXIS 10771 (11th Cir. May 26, 2010).  The Court also finds that the jury reasonably could find that Plaintiff had an "objectively reasonable" belief that he was being discriminated against as an Argentinean when he sent the e-mail message to Diez-Rivas.  Butler v. Alabama Dept. of Transp., 536 F. 3d 1209, 1214 (11th Cir. 2008).  In addition to the Plaintiff's own testimony about the harassing remarks, the jury had ample other evidence that Mesa, at a minimum, had made improper remarks about Argentineans in the workplace and, it appeared, was not credible as to his trial testimony about his positive feelings for Argentineans.  As noted by Plaintiff, Mesa was unable to provide the name of any Argentinean friend after proclaiming that he did have Argentinean friends.

Defendant argues that even if the Plaintiff had engaged in protected activity,

---

[1] Defendant argues strenuously that Plaintiff admitted that he had "no objection" against Esserman and was only filing a lawsuit against Mesa and that such admission should be fatal to Plaintiff's claim of having an objectively reasonable belief that the employer discriminated against him.  Defendant's emphasis on Plaintiff's targeting of Mesa instead of Esserman International dealership in that particular quoted statement is without merit.  The jury had sufficient evidence to find that Esserman International - acting through its General Manager - engaged in unlawful retaliatory discrimination by discharging Plaintiff shortly after he complained about Mesa.

there is no evidentiary support for finding a causal connection between the activity, i.e., the complaint sent by e-mail to the General Manager, and the discharge of Plaintiff two days later. Defendant points to alleged misconduct by Plaintiff as justification for the discharge, but the jury clearly rejected Defendant's argument.[2] According to the Termination Report prepared by Defendant, Plaintiff was upset when he came to work on Oct. 29th and learned that, after having had the prior day off and therefore missing the completion of a sale he had initiated, he would be required to share the commission on that sale. The Report states that Plaintiff was offered a referral to sell a car but instead told management that he did not feel like working and was sent home. Plaintiff was told to return two days later, on Oct. 31; then when he arrived at work on that date he "displayed poor attitude" and "therefore, it was decided to let him go." The jury heard testimony that Plaintiff didn't take the lead for the sale because he was feeling nervous and couldn't handle the client.[3] The jury also heard testimony that other employees had not been fired after being sent home. The Court finds that the jury reasonably could have found a causal connection and, thus, that the decision to discharge Plaintiff was motivated by unlawful discriminatory animus. The jury's finding

---

[2]Indeed, the Court notes that the jury - in relation to Plaintiff's claim of harassment, for which the jury ultimately found for Defendant - found that the Defendant did not exercise reasonable care to prevent and correct promptly any harassing behavior in the work place. Clearly, the jury's finding for Plaintiff on his retaliation claim does not reflect a simple disagreement with the reasonableness of Defendant's decision to discharge Plaintiff, but rather reflects an objective assessment that Defendant's workplace was not free of the tarnish of improper harassment.

[3]This is consistent with Plaintiff's deposition testimony, where he testified that he didn't take the sale because he didn't want to lose a transaction. Deposition, p. 93.

in Plaintiff's favor on the claim of retaliation will not be set aside.[4]

Defendant claims that the jury's award of back pay is not supported because the evidence demonstrated that Plaintiff had unclean hands and failed to mitigate his damages. Defendant offered evidence that Plaintiff had not been truthful in his tax returns and on a job application at another car dealer, Plaintiff offered testimony explaining these failures on his part, and counsel for both parties addressed this issue in closing argument. The jury's decision to award back pay was not unreasonable, nor unsupported by the clear weight of the evidence; thus, the award of back pay will not be disturbed.

Defendant also seeks a new trial, for similar reasons as discussed above and on the basis of the Court's use of a mixed-motive theory jury instruction. The challenged jury instruction was a standard pattern instruction and, moreover, was not as to the retaliation claim but rather as to the two claims on which Plaintiff did not prevail (harassment and discrimination); thus, Defendant's argument is without merit. The Court does not find a basis to set aside this jury's verdict and grant a new trial. Based on the above, it is

ORDERED AND ADJUDGED that Defendant's Rule 50 Motion, Motion to Deny

---

[4] The Court notes that Defendant alleges - for the first time, in the post-trial motion - that Plaintiff met with attorneys a few days prior to October 29, and that such meeting "schooled" Plaintiff in how to provoke his employer, i.e., how to frame his employer for a retaliation claim. The Court notes that the Defendant's General Manager who so promptly fired Plaintiff after he complained of discrimination was a trained lawyer who had practiced law for many years, and it would appear that such background should have prevented the General Manager from falling victim to such provocation in the absence of any improper motive for the General Manager's conduct.

Equitable Remedies, and Rule 59 Motion for New Trial is DENIED.[5]

## Plaintiff's motions

### 1. Front pay

Plaintiff requests an award of front pay to cover a period of 36 months for Plaintiff to return to the United States from Argentina, re-enter the job market, and re-establish himself at the same level of employment from which he was discharged. Defendant objects to this request and notes that front pay is inappropriate because Plaintiff was not truthful in his actions post-firing, and because Plaintiff planned to be in Argentina for an extensive time at the end of year in December 2007 - and such plans were in place prior to Plaintiff's discharge. According to Plaintiff, he booked the trip in case he wasn't working. Plaintiff's counsel argues that such travel arrangements are common for high demand travel periods, e.g., end-of-year holidays, and that the travel dates were able to be changed.

Defendant also complains that Plaintiff voluntarily resigned from a car sales job after working for three months, from March 2008 through July 2008, and that the relative ease with which Plaintiff found and then left such employment demonstrates that front pay is not appropriate. (Plaintiff admitted that he did not look for work until early 2008 when he returned from his trip to Argentina.) The Court has considered the arguments and, while the Court is unable to conclude that the jury was unreasonable in its determination that Plaintiff was entitled to back pay, the Court finds that Plaintiff has

---

[5]Defendant's Motion for Hearing on this motion is DENIED.

not established a basis for front pay. While the jury awarded $10,000 for emotional pain and mental anguish, the Court cannot conclude that Plaintiff suffered such discrimination that the discrimination itself disabled him from working. Lewis v. Federal Prison Indus., 953 F.2d 1277 (11th Cir. ).

## 2. Attorneys' fees and expenses

Plaintiff prevailed at trial on one of three claims, and Defendant argues that Plaintiff's attorneys are entitled - at most - to a portion of their claimed fees because Plaintiff did not prevail on all claims. Plaintiff argues, correctly, that the elements of these claims - and, therefore, the tasks necessary to prepare a winning case on any of the claims - were so entwined that it would not be possible to segregate the representation into finite billing segments. Defendant also complains about the amount of hours billed by Plaintiff's two attorneys. The Court agrees that the amount of hours expended is somewhat higher than appears necessary. For example, Ms. Rodriguez billed more than eight (8) hours to research, draft and finalize the Complaint - this amount of time is excessive for an attorney, for whom 70% of her practice is employment litigation, to draft a Complaint as to a single plaintiff with relatively standard claims of employment discrimination. As another example, Mr. Jaramillo billed two (2) hours to prepare for, and four (4) hours to attend, mediation on August 26, 2009, and Ms. Rodriguez billed three (3) hours to prepare for and attend mediation - the Court finds that this combined total of nine (9) hours billed by Plaintiff's attorneys for preparation and attendance at mediation is more hours than reasonably necessary to

perform this task.

The Court rejects Defendant's general complaints regarding the amount of time spent during trial by Plaintiff's attorneys. During at least one trial day, Plaintiff's counsel were required to conduct additional work in part due to Defendant's counsel's own conduct: on the third day of trial, Plaintiff's counsel deposed a defense witness whom they claimed was not properly disclosed during discovery. On December 28, 2009, Defendant filed a witness list that did not include Raul Alvarez, see Docket Entry No. 54-2, but on January 4, 2010, Defendant's witness list - attached to the Pretrial Stipulation, includes Alvarez, see Docket No. 56-4.

In light of the examples noted above relating to excessive hours spent on certain tasks, and others not detailed herein, the Court hereby approves a reduced number of hours - reducing the requested hours by 15%; thus, 294.15 hours claimed by Mr. Jaramillo is reduced to 250.03 hours, and 345.85 hours for Ms. Rodriguez is reduced to 293.97 hours. Mr. Jaramillo's claim also is reduced by an additional 4.5 hours which were billed for work relating to the front pay request, which was unsuccessful; the total hours approved for Mr. Jaramillo are 245.53.

The Court has reviewed the submissions relating to the rates charged by Plaintiff's attorneys and finds that a reasonable hourly fee for both Mr. Jaramillo and Ms. Rodriguez is $300. Thus, Mr. Jaramillo is entitled to $73,659, and Ms. Rodriguez is entitled to $88,191. The total award of fees is $161,850.

Plaintiff seeks costs in the amount of $12,504.44, including several items for which costs are not generally taxable. As noted by Defendant, Plaintiff has failed to provide sufficient detail to support several of the requested amounts, but the Court has

determined that support for the following costs is demonstrated in the record and, therefore, these items shall be permitted:

| | |
|---|---|
| Fees clerk of court and service of process: | $   908.08 |
| Court reporters, videographers, and translators: | $6,399.11 |
| Online research | $     16.98 |
| Witness fees | $   100.00 |
| Total | $7,424.17 |

Finally, In light of the Court's ruling on the motion for fees, the Defendant's Motions to quash subpoenas and/or for Protective Order are DENIED, as MOOT.

In summary, the Court DENIES Defendant's post-trial motions for relief from the jury's verdict, DENIES Plaintiff's request for front pay, and GRANTS, in part, Plaintiff's request for fees and costs. Plaintiff is entitled to a total award of $169,274.17 for attorneys' fees and costs.

DONE AND ORDERED in Chambers at Miami, Florida this 9th day of August 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
  Catherine M. Rodriguez
  Haas A. Hatic